New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN H. MANDY, PETITIONER, v. FEDERAL SHIPBUILD-
ING AND DRY DOCK COMPANY, RESPONDENT.

For the petitioner, *Herman M. Wilson.*

For the respondent, *Lindabury, Depue & Faulks* (*William
L. Dill, Jr.,* of counsel).

This matter being opened to the court by William L. Dill, Jr., of Messrs. Lindabury, Depue & Faulks, attorneys of the respondent, in the presence of Herman M. Wilson, attorney for the petitioner, and it appearing by a petition filed November 6th, 1931, that the petitioner seeks to recover compensation for disability which he alleges has resulted from injuries sustained in an accident with which he met on May 2d, 1930, while in the employ of the respondent; and it further appearing that on June 27th, 1930, the petitioner filed a petition in this bureau to recover compensation to which he alleged he was entitled for injuries alleged to have been sustained by him in an accident with which he met on May 2d, 1930, while in the employ of the respondent, to which petition the respondent filed an answer in which it denied that the petitioner had any permanent disability whatsoever which resulted from the alleged accident; and it further appearing that the parties by their respective attorneys effected a settlement of the petitioner's claim by the terms of which settlement respondent agreed to pay to the petitioner and the petitioner agreed to accept certain compensation as set forth in the compromise agreement signed by the parties

hereto dated October 4th, 1930, which agreement is on file in this bureau; and said compromise agreement further provided that the compensation therein agreed to be paid and accepted was in full and final settlement of any and all claims which the petitioner had, claimed to have, or might claim to have, on account of the injuries alleged to have been sustained by him as a result of the accident aforesaid, and that the agreement could not be opened or reviewed by either party on account of any subsequent increase or decrease of disability; and it further appearing that the petitioner signified under oath that he fully understood the terms of said agreement and that he was satisfied therewith, said agreement was then approved by Charles E. Corbin, deputy commissioner of labor.

And it further appearing that the respondent has made all of the payments which it agreed to make, and the court having heard the argument of counsel and being of the opinion that this bureau is without jurisdiction in this matter and that the petitioner is barred from securing any further compensation for an alleged increased disability, alleged to have resulted from the accident with which he met on May 2d, 1930, while in the employ of the respondent.

It is therefore ordered that the petition filed in this matter be and the same is hereby dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*